919 F.2d 739
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin David STEPHENSON, Plaintiff-Appellant,
v.
Adela TOVAR, Defendant-Appellee.
 Nos. 90-5418, 90-5419.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1990.
 
 1
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Martin David Stephenson, a pro se federal prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive relief, Stephenson, a federal probationer at the time this action was commenced, sued his probation officer alleging that she violated his constitutional rights when she refused to grant him permission to visit Warren County inmates in order that he might render legal assistance to those inmates. Stephenson alleged that defendant refused his request because she was prejudiced against jailhouse lawyers. On January 23, 1990, the district court dismissed the case as frivolous pursuant to 28 U.S.C. Sec. 1915(d), finding that Stephenson's claim against his probation officer did not rise to the level of a constitutional claim. Stephenson then filed his first notice of appeal (Case No. 90-5418) on February 2, 1990; and thereafter filed an additional notice of appeal (Case No. 90-5419) on February 23, 1990.
 
 
 4
 On appeal, Stephenson reasserts his claim and requests the appointment of counsel.
 
 
 5
 Upon review, we affirm the district court's judgment. The complaint lacks an arguable basis in law because Stephenson suffered no constitutional deprivation from defendant's refusal to permit him to visit the Warren County jail inmates. See Neitzke v. Williams, 490 U.S. 319 (1989). A federal probationer may lawfully be ordered to refrain from frequently certain places or associating with certain people as a valid condition of his probation. 18 U.S.C. Sec. 3563(b)(7).
 
 
 6
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation